Citation Nr: 21049996
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 16-53 982
DATE: August 13, 2021

REMANDED

Entitlement to service connection for sleep apnea is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from March 2001 to March 2007. 

This appeal comes to the Board of Veterans' Appeals (Board) from a January 2015 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

In October 2019, the Veteran testified at a hearing before the undersigned Veterans Law Judge.

In December 2020, the Board remanded the Veteran's claim for further development. The claim has since been returned to the Board for further appellate action. Although the Board regrets the additional delay, a remand is again required. 

1. Entitlement to service connection for sleep apnea is remanded.

The Veteran contends that his sleep apnea onset in in service.

He testified at his October 2019 Board hearing that he had problems breathing in service and snoring and that in 2005 he spent a night at Walter Reed after difficulty breathing during sleep.

On his February 2007 report of medical history at the time of his separation from service, the Veteran indicated in response to question 10c that he has coughed up blood and in response to question 10e that he has had shortness of breath. The examiner's comments for question 10c indicate that the Veteran had a cough in 2005 with blood tinged mucus and shortness of breath with no reoccurrence. With reference to question 10e, the examiner wrote that the Veteran reports occasional episodes of waking up from a sleep with a startled sensation associated with brief episodes of shortness of breath.

The Veteran testified that after service he sought treatment at the VA in July 2011. VA treatment records note that at the time the Veteran reported a 10-year history of sleep problems, including snoring and breathing problems. He reported he was given an at-home sleep test. VA records indicate that that test was a "portable in home limited polysomnogram recording flow, effort, oxygen saturation and heart rate." Findings were that the Veteran "did not meet criteria for the diagnosis of sleep apnea with an RDI of 4.4."

The Veteran underwent a private sleep study in April 2020 that resulted in a finding of mild obstructive sleep apnea with mild oxygen desaturations.

In April 2021, a VA opinion was obtained in response to the Board's December 2020 remand. The VA examiner stated, in part, "There is a mention of coughing up blood and having difficulties breathing on 01/05/2005 while in service. Those are not symptoms of sleep apnea and no sleep apnea was specified on the exam. There is no other mention of sleep problems during service evident from the C-file." 

As discussed above, the service examiner's note on the Veteran's separation examination specifically describes "occasional episodes of waking up from a sleep with a startled sensation associated with brief episodes of shortness of breath." Thus, the Board finds the April 2021 VA opinion is based on an inaccurate factual basis.

Therefore, the Board finds that a new opinion is warranted.

The matters are REMANDED for the following action:

Obtain a VA opinion as to the following:

a) whether it is at least as likely as not that the Veteran's sleep apnea onset in or is causally related to his service. 

The examiner should consider the Veteran's lay testimony as to trouble breathing and snoring in service, the note on his February 2007 separation report of medical history that he has "occasional episodes of waking up from a sleep with a startled sensation associated with brief episodes of shortness of breath," the July 2011 sleep study that showed an RDI of 4.4, and the April 2020 sleep study that was interpreted as showing mild obstructive sleep apnea. The examiner should also comment on environmental exposure during deployment in the Persian Gulf.

b) whether it is at least as likely as not the sleep apnea is caused or aggravated by a service connected disorder, to include the service-connected helicobacter pylori disorder.

(Continued on the next page)

 

The examiner should comment on the articles cited in the July 2021 Appellant's brief.

A full rationale should be provided for all opinions expressed.

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Christensen

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.